NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVAN G. SCOTT, | : |
| Plaintiff, | : |
| v. | : Civ. A. No. 07-3656 (SRC) |
| | : **OPINION** |
| SYSCO FOOD SERVICE OF METRO NEW YORK, L.L.C., | : |
| Defendants. | : |

**CHESLER**, District Judge

      This matter comes before the Court upon the Court's *sua sponte* Order To Show Cause, dated August 16, 2007, [docket item 3] ordering Defendant to demonstrate why this action should not be remanded for lack of subject matter jurisdiction. As discussed below, the Court is not satisfied that it has subject matter jurisdiction over this action, and therefore, this action will be remanded to the Superior Court of New Jersey, Law Division, Essex County.

### I. BACKGROUND

      Plaintiff Evan G. Scott initiated this action in the Superior Court of New Jersey, Law Division, Essex County, against Defendant Sysco Food Service of Metro New York, L.L.C., on June 13, 2007. The Complaint contained three counts. Plaintiff first alleges that Defendant terminated him in violation of New Jersey public policy, alleging that determinative factors in

Defendant's decision to terminate Plaintiff were: Plaintiff's complaints to his managers about dangerous working conditions that Plaintiff believed to violate Occupational Safety and Health Administration ("OSHA") regulations; Plaintiff's eventual complaint to OSHA; and a previous defamation lawsuit that Plaintiff filed against Defendant.  The two following counts allege wrongful termination in violation of the New Jersey Law Against Discrimination ("NJLAD") -- that Defendant terminated Plaintiff because of his race, in violation of N.J.S.A. 10:5-12 (a), and in retaliation for Plaintiff's complaints about the discriminatory treatment in violation of N.J.S.A. 10:5-12 (d).

On August 1, 2007, Defendant removed the matter to federal district court, pursuant to 28 U.S.C. § 1441, on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  Defendant contends in its Notice of Removal that Plaintiff's "public policy" claim raises a federal question because it relies upon Plaintiff's complaints of federal OSHA violations.  Defendant also asserts that resolution of Plaintiff's discrimination complaints will necessarily involve an interpretation of the collective bargaining agreement ("CBA") between Defendant and Local Union No. 863 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Teamsters Local Union No. 863"), of which Plaintiff was a member.  Defendant argues that because the Complaint necessarily calls for an interpretation of the CBA, federal labor law preempts state law and provides a basis for federal jurisdiction.

After review of the Complaint and the Notice of Removal, the Court issued an Order To Show Cause, ordering Defendant to articulate why the Court has subject matter jurisdiction to decide this matter and why the case should not be remanded to the Superior Court of New Jersey.  Defendant filed a Response to the Order to Show Cause, in which it essentially reiterated and expanded the arguments set forth in the Notice of Removal.

Presently before the Court are the questions of (1) whether Plaintiff's claim of wrongful termination in violation of New Jersey public policy gives rise to federal question jurisdiction, and (2) whether Plaintiff's claims of discrimination and retaliation in violation of the NJLAD necessitate an interpretation of the CBA, thus providing a basis for federal jurisdiction under § 301 of the Labor Management Relations Act, 1947 ("LMRA"), 61 Stat. 156, 29 U.S.C. § 185. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction.

## II.   FEDERAL QUESTION JURISDICTION

This Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue *sua sponte*. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allopattah Svcs., Inc., 545 U.S. 546 (2005). Parties cannot waive a lack of subject matter jurisdiction or confer it upon the Court by consent. Brown v. Phila. Hous. Auth., 350 F.3d 338, 346 (3d Cir. 2003). It is "an Art. III as well as a statutory requirement" and "it functions as a restriction on federal power." Id. at 346-47 (quoting Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). 28 U.S.C. § 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, that case shall be

remanded." 28 U.S.C. § 1447 (d) (2007).

A defendant may remove an action from state court to federal district court pursuant to 28 U.S.C. § 1441 (a) only when the federal courts have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. at n.6. In general terms, the issue presented in the present case is whether Plaintiff's action "arises under" federal law, or whether there is federal question jurisdiction.

In this case, Defendant contends that federal question jurisdiction is appropriate for three reasons: (1) the complaint "arises under" federal OSHA regulations; (2) the "artful pleading doctrine" ostensibly supports federal jurisdiction as Plaintiff has "artfully plead" a federal cause of action as a state law claim; and (3) federal law completely preempts state law in this matter because resolution of Plaintiff's claim requires interpretation of the CBA between Defendant and the Teamster Local Union No. 863, which governed the employment relationship between the parties.

The issue of federal question jurisdiction is typically governed by the "well-pleaded complaint rule," which provides that there is federal question jurisdiction only when the "face of the plaintiff's properly pleaded complaint" presents a federal question. Caterpillar, 482 U.S. at 392; Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (stating that "it is long settled law that a cause of action arises under federal law only when plaintiff's well-pleaded complaint raises issues of federal law"). The rule makes the plaintiff the "master of the claim," meaning that he or she may avoid federal jurisdiction by forgoing federal causes of action and basing the claim on only state law. Caterpillar, 482 U.S. at 392 (citing Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913); Merrell Dow Pharm.,

Inc. v. Thompson, 478 U.S. 804, 809, n.6 (1986); and Great N. Ry. Co. v. Alexander, 246 U.S. 276, 282 (1918)).

Two general exceptions to the well-pleaded complaint rule provide federal jurisdiction even when the face of the plaintiff's complaint does not state a federal cause of action, and, as Defendant urges that both exceptions be applied here, they merit some discussion. The first exception provides that even where state law creates the cause of action, federal jurisdiction will exist when one of the elements of the cause of action raises a substantial, disputed federal issue. Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983) (federal jurisdiction is available when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims"). The Supreme Court expounded on the requirements of this variety of "arises under" jurisdiction in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005). The second exception is where the plaintiff's claim is "'really' one of federal law." Franchise Tax Bd., 463 U.S. at 13. This exception is also known as the "artful pleading" doctrine, and will be discussed more fully below.

**(1) Jurisdiction "arising under" federal law**

Defendant first argues that Plaintiff's wrongful discharge claim "arises under" federal law as the Complaint alleges that a determinative factor in Plaintiff's termination was retaliation for Plaintiff's complaints of federal OSHA violations. Defendant contends that OSHA regulations will necessarily be applied to determine whether Plaintiff's dismissal was unlawful and therefore the Court does have federal subject matter jurisdiction over this matter.

Federal jurisdiction is appropriate "if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute

between the parties." Franchise Tax Bd., 463 U.S. at 13. In 2005, the Supreme Court set forth the standard for the application of this form of federal jurisdiction in Grable, 545 U.S. 308.

Grable held that in order to find federal jurisdiction "arising under" federal law there must be a substantial, contested federal issue, "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum," as well as an assessment of whether federal jurisdiction will violate the division of labor between the state and federal courts as envisioned by Congress. 545 U.S. at 313. Grable was a quiet title action, originally brought in state court, over real property that had been seized by the IRS from Grable to satisfy its tax delinquency, and was later sold to respondent Darue. Id. at 310-11. The IRS had served notice on Grable that its property was to be seized via certified mail. Id. Grable claimed that Darue's title was invalid because, in Grable's view, 26 U.S.C. § 6335 (a) required the IRS to serve Grable with notice personally instead of through the mail. Id. Darue removed the case to federal district court, and upon review, the Supreme Court found that there was federal question jurisdiction because the only contested legal or factual issue was the meaning of the federal statute imposing the notice requirement on the IRS. Id. at 315.

At a minimum, this variety of "arising under" jurisdiction requires a substantial, contested federal issue that is a necessary element of one of the causes of action. Franchise Tax Bd., 463 U.S. at 13. In Grable, federal jurisdiction was appropriate as resolution of the case required a court to decide a question of federal statutory interpretation. 545 U.S. at 315. The present case, however, presents a different situation.

Under New Jersey employment law, a plaintiff claiming retaliatory termination for "whistle-blowing" activity need only show that he or she had a "reasonable belief" -- as distinct from a legally correct belief -- that the employer's actions that prompted the whistle-blowing

constituted a violation of law or public policy. Dzwonar v. McDevitt, 177 N.J. 451, 462-64 (2003) (holding that New Jersey law "does not require a plaintiff to show that a law, rule, regulation or clear mandate of public policy actually would be violated if all the facts he or she alleges are true"). The legal question raised by a claim of retaliatory termination is whether there is a "substantial nexus between the complained-of conduct and a law or public policy," sufficient to support an objectively reasonable belief that a violation occurred. Id. at 464. The court need not determine whether the employer's alleged actions are *actually* in violation of the law, but merely whether the plaintiff could have reasonably believed that a violation occurred. Id.

In light of the above, the relevant question in this case is whether Plaintiff could have reasonably believed, based on the facts he alleges, that his employer had violated OSHA rules. This is an abstract assessment of the nexus between the OSHA rules and Plaintiff's factual allegations that does not require intimate legal familiarity with OSHA. It is therefore clear that the Complaint does not require a searching inquiry or analysis of the OSHA regulations and there is no "arising under" federal question jurisdiction.

**(2) The "artful pleading" doctrine**

Defendant's next argument is that the second exception to the well-pleaded complaint rule applies here, because the Complaint is a federal claim that is "artfully pleaded" as a state law claim. Defendant contends that Plaintiff's cause of action for termination in violation of public policy is delineated in OSHA, 29 U.S.C. § 660 (c) (1), which prohibits employers from taking retaliatory action against employees who have filed OSHA complaints. Defendant also states that Plaintiff filed an OSHA complaint which was rejected, and argues that by filing this Complaint in state court Plaintiff is attempting to make an end-run around the statutorily

prescribed procedure for appeal of an OSHA dismissal.

The Supreme Court has explained that "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint[.]" Franchise Tax Bd., 463 U.S. 1, 22, (citing Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 376 F.2d 337, 339-340 (6th Cir. 1967), aff'd, 390 U.S. 557 (1968)). This doctrine been dubbed the "artful pleading" doctrine, as it stands for the premise that a plaintiff cannot avoid federal jurisdiction by "artfully pleading" his federal claim as a state law claim. United Jersey Banks v. Parell, 783 F.2d 360, 367 (3d Cir. 1986) cert. denied, 476 U.S. 1170 (1986).

It is readily apparent that the artful pleading doctrine, construed broadly, may raise concerns of federal overreaching. Id. at 368. Additionally, "[a]n expansive application of the doctrine could effectively abrogate the rule that a plaintiff is master of his or her complaint." Id. (citing Hunter v. United Van Lines, 746 F.2d 635, 640 (9th Cir. 1984) cert. denied, 474 U.S. 863 (1985)). Courts have applied the artful pleading doctrine sparingly and many have done so only in situations in which the state cause of action is completely preempted by federal law, such as § 301 of the LMRA, 29 U.S.C. § 185. United Jersey Banks, 783 F.2d at 368 ("Those courts of appeal that have applied the doctrine have done so primarily in the context of § 301 of the LMRA, 29 U.S.C. § 185, not only because the extent of federal primacy is well established, but because all state law is displaced." (internal citations omitted)); see also Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) ("The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim.")

At a minimum, the "artful pleading" doctrine requires that the "real" cause of action is federal law. Franchise Tax Bd., 463 U.S. at 13. Here, Plaintiff's claims of wrongful termination

in violation of New Jersey public policy rest safely outside the outer limits of the artful pleading doctrine, whatever those limits may be. The "real" causes of action in Plaintiff's Complaint are wrongful termination and discrimination under New Jersey state law, not violations of OSHA.

Defendant further argues that because Plaintiff has already filed a complaint with OSHA, which was dismissed, Plaintiff's appropriate course is to appeal that decision to the federal district court pursuant to 29 U.S.C. § 662 (d). Defendant argues that by filing this Complaint in state court, Plaintiff is attempting to do an "end-run" around the statutorily prescribed procedures for appealing an OSHA dismissal.

Pursuant to the "well-pleaded complaint" rule a plaintiff may keep his action in state court by forgoing federal causes of action. Caterpillar, 482 U.S. at 392 (a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law"). While the OSHA scheme does provide Plaintiff with a means of appealing the rejection of his complaint to OSHA, Plaintiff has not pursued that avenue of relief. Instead, Plaintiff has decided to bring his action under New Jersey law in a New Jersey state court. Insofar as Plaintiff has not "omitt[ed] to plead necessary federal questions" but rather has chosen to abandon this federal claim, there is no basis for federal question jurisdiction. See Franchise Tax Bd., 463 U.S. at 22. Furthermore, any contention that the Complaint comprises the same facts brought and dismissed in the OSHA proceeding goes only to potential defenses for Defendant and does not provide a basis for removal. Id. at 393 (holding that a case may not be removed to federal court where the federal question relates to a defense). Hence, from the standpoint of this Court, the present Complaint stands separate from the previous OSHA dismissal and contains no basis for federal subject matter jurisdiction.

**(3) Complete Preemption - Interpretation of the CBA**

Defendant next argues that resolution of Plaintiff's claims requires interpretation of the CBA between itself and the Teamster Local Union No. 863, thus implicating the complete preemption doctrine, under which federal law preempts all of Plaintiff's state law claims.[1]  In its Notice of Removal, Defendant argued that the non-discrimination clause of the CBA must necessarily be interpreted in the resolution of Plaintiff's claims.  In its response to the order to show cause, Defendant abandons this line of reasoning and instead argues that all of Plaintiff's claims rest on the allegation that the written reprimands Plaintiff received from Defendant were a ruse to cover the true, unlawful reasons for his termination.  Hence, argues Defendant, the CBA must be consulted as it contains provisions relevant to whether the written reprimands and Plaintiff's subsequent termination were indeed unjustified.

In the present case, assessment of Plaintiff's claims does not require an interpretation of the CBA.  While there is ample authority that federal law preempts any state law regarding

---

[1]The complete preemption doctrine permits removal to federal court under federal question jurisdiction under the rationale that "if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law." Franchise Tax Bd., 463 U.S. at 23; see also, Caterpillar, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").  The complete preemption doctrine has been primarily applied to § 301 of the LMRA, and § 502 of the Employee Retirement Income Security Act ("ERISA").  See id. ("The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA."); and Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 67 (1987) (comparing the preemptive language of § 502 of ERISA to § 301 of the LMRA, and finding that it too completely preempts state law).   Hence, a suit for violation of a clause in a CBA, brought under state breach of contract law, where the action could have been brought under § 301 of the LMRA, is "controlled by federal substantive law even though it is brought in state court[,]" and may thus properly be removed to federal court.  Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560 (1968).  The reasoning is that "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." Franchise Tax Bd., 463 U.S. at 23 (internal quotations omitted).

claims "for violation of contracts between an employer and a labor organization," Franchise Tax Bd., 463 U.S. at 23, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985). The appropriate question is whether the resolution of the state-law claim turns on the meaning of the CBA. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988). Thus, a claim for violation of duties imposed by a labor agreement is preempted by § 301 regardless of whether the claim is brought in tort or breach of contract. Allis-Chalmers, 471 U.S. at 210. On the other hand, a claim of wrongful discharge in retaliation for filing for worker's compensation is not preempted by § 301. Lingle, 486 U.S. 399.

Here, Plaintiff's claims arise under the NJLAD and New Jersey public policy, which prohibit an employer from terminating any employee for certain unlawful causes, including racial discrimination and retaliation against an employee who engages in certain protected activities. N.J.S.A. 10:5-12; Pierce v. Ortho Pharm. Corp., 84 N.J. 58, 72 (1980) (modifying previous common law and holding that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy"). Where, as here, a CBA governs the employment relationship and provides the circumstances in which an employee may be terminated, the presence or absence of those pre-agreed valid causes for termination is irrelevant to the issue raised by a claim for wrongful termination in violation of the NJLAD or contrary to New Jersey public policy. In short, the issue presented by the claim is whether unlawful considerations motivated Plaintiff's termination, not whether the termination conformed to the terms of the CBA.

While Defendant may argue that Plaintiff was discharged for valid reasons as delineated

in the CBA, that is a "purely factual inquiry" that "does not turn on the meaning of any provision of a collective-bargaining agreement." Lingle, 486 U.S. 399, 407 (1988) (holding that a state law claim for retaliatory discharge does not require an interpretation of the CBA, because the issues relating to the employer's motive for termination of the employee are factual questions that do not require construing the CBA). The question of whether the written reprimands and eventual termination were justified is again purely factual, dependant principally on the conduct of the Plaintiff and the motivation of the employer, not on an interpretation of the CBA.

In short, § 301 does not provide a basis for federal preemption because the provisions of the CBA bear little impact on Plaintiff's Complaint.

### III. CONCLUSION

For the foregoing reasons, this Court determines that it lacks subject matter jurisdiction over this action and accordingly remands it to the Superior Court of New Jersey. An appropriate form of order will be filed together with this Opinion.

   s/ Stanley R. Chesler   
STANLEY R. CHESLER
United States District Judge

Dated: October 26, 2007